IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DEMOND P. SHEPARD, #1043311 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-340 |
| § | |
| DOUG DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION. § | |

## REPORT AND RECOMMENDATION

Before the Court is the application of Demond P. Shepard for the issuance of a writ of habeas corpus. Shepard challenges disciplinary case No. 20040245549, in which he was found guilty of attempting to assault an officer at the Beto unit. Punishment consisted of a loss of forty-five days commissary priveleges; forty-five days cell restriction; fourteen days solitary confinement; a reduction in time-earning class status from L-1 to L-3; and, a loss of 365 days good time. Having reviewed Shepard's Petition and a complete copy of the disciplinary record, provided through the office of Attorney General for the State of Texas via a *Martinez* report, (and incorporated by reference herein), this Court now makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case, Petitioner alleges that his rights to due process were violated during the course of a disciplinary hearing because (1) the "factual predicate that could not have been previously discovered has arisen..."; (2) the disciplinary charge was vague and dubious; (3) attempted assault is not listed as a rule violation; (4) he was denied witnesses at the disciplinary hearing; (5) he was denied the right to an "impartial tribune"; (6) the

1

evidence was inadequate; (7) the statement of reasons was inadequate; and (8) he was denied an adequate appeal.

The charging officer's statement evidenced on the TDCJ Investigation Work Sheet reveals that the charging officer found Petitioner out of place and therefore began a shakedown of him. He observed Petitioner put something green in his mouth and ordered him to spit it out. Petitioner refused and attempted to strike the charging officer, then jerked away and tried to run up the hall. Petitioner was placed on the floor by the charging officer and Sgt. Hazelwood arrived to help control the situation. Petitioner swallowed the item.

A temporary loss of commissary privileges and a brief stint in solitary confinement or cell restriction do not pose atypical or significant hardships beyond the ordinary incidents of prison life; rather, they merely constitute minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for loss of time-earning class status also fails to qualify for federal habeas relief, as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause. *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68.

A loss of good time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of

2

confinement and is properly considered a habeas corpus attack. *See* TEX.CODE.CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. When reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts"

3

or "any evidence at all" that support the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19 F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials. A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Disciplinary records reflect that Petitioner received advanced written notice of the charges against him and was represented by counsel substitute. He was afforded the opportunity to call witnesses and, in fact, the hearing was recessed so that a requested witness, Officer Garner, could be found and present at the hearing. Officer Garner stated that he observed the charging officer, Benson, talking to Shepard and "Shepard made a motion like he was gonna hit Sgt. Benson." The disciplinary hearing officer based his finding of guilt on the charging officer's written report, eyewitness testimony and Petitioner's own statement that TDCJ rules do not specifically prohibit an attempt to assault.[1] Petitioner received a written disposition of the case citing the reasons for the finding of guilt.

Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the

---

[1] Contrary to Petitioner's assertion, Section XIV(A)(2) - TDCJ Disciplinary Offenses, *Disciplinary Rules and Procedures for Offenders,* states that <u>attempting</u> to engage in the specified behavior is a violation of TDCJ offender rules.

disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). 28 U.S.C. §2254(d) mandates that the findings made by the state court system shall be "presumed to be correct," unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding made the basis of this suit afforded Petitioner the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234. The finding of guilt is supported by more than some evidence in the record; thus, the Court must uphold the administrative decision.

Accordingly, for all the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the application for writ of habeas corpus of Demond P. Shepard be **DENIED and this case be DISMISSED, with prejudice.**

The Clerk shall send a copy of this Report and Recommendation to the Petitioner. The Petitioner **SHALL** have until **October 21, 2005,** in which to have written objections physically

on file in the Office of the Clerk.  <u>The objections **SHALL** be mailed to the Clerk's Office at  P.O. Drawer 2300, Galveston, Texas 7753.</u>  Any Objections filed **SHALL** be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this ____6th____ day of October, 2005.

                                                                                        _____
                                                                                        John R. Froeschner
                                                                                        United States Magistrate Judge